UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTA SCHALIT,

                  Plaintiff,

- against -

CIGNA LIFE INSURANCE CO. OF NEW YORK,

                  Defendant.

**OPINION AND ORDER**

**07 Civ. 0476 (CM) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

On January 25, 2007, plaintiff, Roberta Schalit ("Schalit"), filed a complaint against defendant, CIGNA Life Insurance Company of New York ("CIGNA"), to recover long term disability benefits.  Schalit alleges that CIGNA wrongfully terminated her benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.  On April 26, 2007, District Judge Colleen McMahon referred the case to the undersigned for general pretrial purposes.  An initial conference was held before the Court on June 26, 2007, and the parties were directed to submit letters on the subject.  For the following reasons, Schalit's request for general discovery is **DENIED**.

## II.  DISCUSSION

**A.  Standard of Review**

The parties agree that a denial of benefits under ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.  **Firestone Tire and Rubber Co. v. Bruch**, 489 U.S. 101, 115 (1989).  Conversely, if the benefit plan contains clear

language delegating discretionary authority to determine benefits eligibility, an arbitrary and capricious standard applies.  **Id**.   The plan administrator has the burden of proving discretionary authority, and any ambiguity is resolved against the administrator.  **Nichols v. Prudential Ins. Co. of America**, 406 F.3d 98, 108 (2d Cir. 2005) (*citing* **Kinstler v. First Reliance Standard Life Ins. Co**, 181 F.3d 243, 252 (2d Cir. 1999).

Here, the insurance policy has discretion granting language, but it is unclear whether the Summary Plan Description ("SPD") contains such language because it has not been provided. The insurance contract states that for plans subject to ERISA, the plan administrator has selected the insurance company as the claims administrator, and "[i]n this role the Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact."  *See* Letter, Michelle M. Arbitrio, June 27, 2007, Exhibit ("Exh.") B at 36.  Schalit argues that CIGNA is only the claims administrator and not the plan administrator, and that a claims administrator cannot delegate discretion to itself.  She further argues that CIGNA lacks discretionary authority, because the insurance contract is not the controlling document, rather it is the SPD.  Schalit claims that the SPD does not contain an explicit grant of discretion, and it is not included in the administrative record.

The standard of review has not yet been determined in this case, and in fact, that determination might well be premature. ***See Klecher v. Metro. Life Ins. Co.,*** 2003 WL 21314033, at *7 (S.D.N.Y. June 6, 2003) ("If and when the Court does consider motions for summary judgment regarding the defendants' denial of plaintiff's [benefits], the Court will need to determine from the language of the governing plan, what standard of review to apply to the

administrator's determination of plaintiff's eligibility for [benefits]."). Schalit contends that there is no reason to delay issuing a scheduling order permitting depositions and written discovery pending Judge Mcmahon's ruling on the applicable standard of review, especially since discovery should inform whether Schalit's disability plan conferred discretion upon CIGNA.

### B. Scope of Discovery

Under the arbitrary and capricious standard, a court's review of the determination of the benefits under the applicable plan is limited to the administrative record. **Miller v. United Welfare Fund**, 72 F.3d 1066, 1071 (2d Cir. 1995). However, discovery outside of the administrative record is not completely foreclosed, even in a case in which the arbitrary and capricious standard is to be applied. For example, in **Nagele v. Elec. Data Sys. Corp.**, 193 F.R.D. 94, 103 (W.D.N.Y. 2000), the court allowed some pretrial discovery in order to "determine the actual parameters of the administrative record and whether or not the fiduciary acted arbitrarily and capriciously with respect to a claim for benefits." **Id.** The court concluded that, despite the limitations on the ultimate use of evidence outlined in **Miller,** 72 F.3d at 1071, some limited discovery can be used, even under an arbitrary and capricious review, "to test whether the administrative claim record before the court is accurate and complete and to explain, where necessary, its meaning." **Id.** Furthermore, in *Harris v. Donnelly,* 2000 WL 1838308, at *5 (S.D.N.Y. Dec. 12, 2000), the court refused to convert the defendants' motion to dismiss to one for summary judgment because no discovery had yet taken place. The standard of review appropriate for one of the plans at issue was unclear, and the court found that discovery was necessary to determine whether the plan had discretionary language. **Id**. The court also indicated that discovery could be allowed to determine if the plan was understandable and

whether there was a conflict of interest even if the plan was to be reviewed under an arbitrary and capricious standard.  **Id.** at *7.  Additionally, in **Samedy v. First UNUM Life Ins. Co. of Am.,** 2006 WL 624889, at *2 (E.D.N.Y.  May 10, 2006), the court granted some limited discovery in an arbitrary and capricious case to assist in determining whether there was a conflict of interest because the defendant was both the insurer and the claim administrator. The plaintiff had provided a declaration from a former employee who indicated that defendant placed pressure on its employees to deny claims.  **Id.**

CIGNA argues that for the Court to consider additional evidence beyond the administrative record, Schalit must show "good cause."  However, in **Anderson v. Sotheby's Inc**., 2005 U.S. Dist. LEXIS 9033, *16-18 (S.D.N.Y. May 13, 2005), the court held that to obtain additional discovery, plaintiff need not make a full good cause showing, but must show "a reasonable chance that the requested discovery will satisfy the good cause requirement." Discovery should be focused, as in **Nagele,** on a determination of whether the administrative record is complete, and to explain its meaning. 193 F.R.D. at 103.  Similarly, as in **Harris,** discovery geared toward assessing potential conflicts of interest and the clarity of plan language would be proper, particularly if the standard of review has not yet been determined.  2000 WL 1838308, at *5.

In this case, Schalit has not provided any specific factual allegations of the need to consider additional evidence outside of the record.  She does not make clear what additional evidence is sought, and if it has any "reasonable chance" of satisfying the good cause requirement, justifying discovery outside of the administrative record.  **Anderson**, 2005 U.S. Dist. LEXIS 9033, *16-18.   Schalit simply argues that the discretionary language in the

4

insurance contract is insufficient to grant discretionary authority to CIGNA, and therefore discovery is necessary to determine who the CIGNA decision makers were and why certain pieces of evidence were deemed more credible than others. Because the SPD has not been provided and is not included in the administrative record, limited discovery is appropriate in this case. Therefore, the parties are permitted to engage in limited discovery focused on a determination of whether the administrative record is complete, particularly with regards to the SPD.

### III. CONCLUSION

For the reasons set forth above, Schalit's request for general discovery is **DENIED**. Permission to engage in limited discovery focused on a determination of the completeness of the administrative record is **GRANTED**.

**IT THEREBY ORDERED** that parties complete this limited discovery by **August 13, 2007.**

**SO ORDERED this 12th day of July 2007**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

5